CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 09 2019

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 7:01-CR-16** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WILLIE ESTER CAMPBELL,** | ) | **By: Hon. Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

**MEMORANDUM OPINION**

Defendant Willie Ester Campbell, represented by counsel, filed motions to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. ECF Nos. 29, 30. He asks that his sentence be reduced from 262 months to 188 months, but not less than time served, which would result in his immediate release. The government does not contest that Campbell is eligible for consideration of a reduction of his sentence, but argues that the court should decline to exercise its discretion to reduce his sentence because Campbell's guideline range did not change. The government asserts that the only relief to which Campbell is entitled is a reduction in his term of supervised release to 8 years. ECF No. 39. A hearing was held in this matter on July 31, 2019. For the reasons set forth below, the court will **GRANT** Campbell's request to modify his sentence to time served. The order will be stayed for up to ten days to allow the Bureau of Prisons time to process Campbell's release.

**I.**

On October 15, 2001, pursuant to a written plea agreement, Campbell pled guilty to one count of possessing with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The government previously had filed a written notice of

enhanced punishment pursuant to 21 U.S.C. § 851 based on two prior felony drug convictions. At the plea hearing, the government moved to withdraw one of the two prior convictions as part of the plea agreement. The court granted the motion, leaving Campbell with one prior felony drug conviction. ECF No. 34 at 3, 8-9.

The parties stipulated to a drug weight of 124.8 grams of cocaine base, which resulted in a base offense level of 32. Campbell's base offense level was decreased by 3 points for acceptance of responsibility, giving him a subtotal offense level of 29. Id. at 3. However, his status as a career offender coupled with a conviction under 21 U.S.C. § 841(b)(1)(A) resulted in an offense level of 37, reduced to 34 for acceptance of responsibility. Id. at 4; U.S.S.G. § 4B1.1(b)(1). With a criminal history of VI, his guideline range was 262-327 months. ECF No. 34 at 14; U.S.S.G. Ch. 5, Pt. A. On February 11, 2002, Campbell was sentenced under the then-mandatory guidelines to a term of 262 months to be followed by a 10-year term of supervised release. ECF No. 24; Min. Entry of February 11, 2002. Campbell has served approximately 224 months and his projected release date is June 6, 2022. ECF No. 35 at 3.

At the time Campbell was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (1996). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No.

111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

**II.**

The parties agree that the First Step Act applies to Campbell. Pursuant to the plea agreement where Campbell pleaded guilty to 124.8 grams of cocaine base, if the Fair Sentencing Act had been in effect at the time he was sentenced, Campbell would have faced a minimum sentence of 5 years and a maximum of forty years. 21 U.S.C. § 841 (b)(1)(B) (2018). In turn, that maximum sentence, coupled with his career offender status, would have resulted in a base level offense of 34 and a total offense level of 31. See U.S.S.G. § 4B1.1(b)(2); ECF No. 35. With a criminal history category of VI, the corresponding advisory range for offense level 31 (without taking into consideration Campbell's career offender status) is 188-235 months of imprisonment. ECF No. 35; U.S.S.G. Ch. 5, Pt. A.

Nevertheless, because of Campbell's career offender status, his guideline range is still 262-327 months. The § 851 enhancement makes Campbell's statutory sentencing range ten years to life. 21 U.S.C. § 841(b)(1)(B). Because his maximum statutory sentence is life, his offense level is still 37, reduced by 3 points for acceptance of responsibility. U.S.S.G. § 4B1.1(b)(1). With a criminal history category of VI, his sentencing range continues to be 262-327 months. U.S.S.G. Ch. 5 Pt. A.

The government argues that the court should decline to exercise its discretion to reduce Campbell's sentence because his advisory Guidelines sentencing range has not changed. The government asserts that the only relief to which Campbell is entitled is a reduction in his term of supervised release to 8 years.

The court finds that it has authority under 18 U.S.C. § 3582(c) to modify Campbell's sentence, taking into account the advisory nature of the guidelines after Booker[1] and the considerations set forth in 18 U.S.C. § 3553(a). At the hearing, Campbell produced evidence that he currently is 58 years old, is remorseful, has matured a great deal since his incarceration, has a supportive family and community, and has a housing and employment plan. In addition, while he has been incarcerated he has had only two disciplinary infractions since 2008, one of which was suspended. Also, while incarcerated he has earned a certificate qualifying him to be an exterminator.

[1] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).

Campbell's career offender enhancement was based upon two prior crack cocaine convictions, one in state court and one in federal court, involving relatively small quantities. In 1994, Campbell received one year of probation in state court for selling 1.5 grams of crack cocaine to a confidential informant. While still on state probation, Campbell was convicted in federal court for trading $200 in food stamps for 1.2 grams of crack cocaine and sentenced to 71 months in the BOP. Campbell was released from federal custody on March 6, 2000, and was arrested on the instant charge less than a year later, on November 23, 2000. This time around, Campbell was caught with a much larger quantity of cocaine base, 124.8 grams, and he has spent the last 19 years in prison as a result of the conviction under 21 U.S.C. § 841(b)(1)(A), as enhanced under the career offender guideline.

Campbell's history reveals that, as a young man, he was a recidivist crack cocaine addict and dealer. The career offender enhancement he received was based on two relatively small drug buys, involving 1.5 and 1.2 grams of cocaine base. Absent the enhancement attributable to the convictions based on these relatively small prior crack cocaine deals, Campbell would have already completed serving a guideline range sentence for the larger 2000 conviction.[2]

The court finds that the small amounts of cocaine base involved in Campbell's enhancing convictions, his age, the amount of time he has served, his obvious remorse and rehabilitation, his family support, and release plan all suggest that he be given a time served sentence. The court believes that this sentence is consistent with the policy behind the First

[2] Campbell has served approximately 224 months, and his Guidelines range for the offense of conviction (absent the career offender enhancement) is 188-235 months.

Step Act and is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding the 18 U.S.C. § 3553(a) factors.

Accordingly, the court **GRANTS** Campbell's motions under the First Step Act, ECF Nos. 29, 30, and reduces his sentence to time served, to be followed by an 8-year term of supervised release. This order will be stayed for up to ten days to allow the Bureau of Prisons time to process his release.

An appropriate Order and amended judgment will be entered.

It is so **ORDERED**.

Entered: 08-08-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge